300016036

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION



FILED-USDC-NDTX-DA
'25 JAN 30 PM 12:07
KMB

| | | |
|---|---|---|
| **KIMBERLY JOHNSON** | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | 3-25CV0241-E |
| v. | ) | Case No. _____ |
| **DISCOVER FINANCIAL SERVICES, LLC** *doing business as "DISCOVER"* | ) | |
| | ) | |
| Vonda "Doe", agent of "DISCOVER" Defendants. | ) | |

## I.   SWORN COMPLAINT

COME NOW, Plaintiff Kimberly Johnson, files this Complaint against Defendant Discover Financial Services, doing business as Discover Bank, and Discover's agent, Vonda "Doe". Plaintiff will amend the complaint to properly name the defendant "Doe" true last name upon a discovery request from Defendant, Discover Financial Services, LLC dba Discover Bank, and alleges as follows:

## II.   INTRODUCTION

1. This action arises from Discover Financial Services' deceptive, misleading, and unlawful practices in connection with a letter purportedly sent on Discover-branded letterhead and signed by an alleged entity, "Credit Bureau Management," as well as Defendant's failure to identify the real party in interest behind this correspondence. Defendant's practices violate the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), Texas

Page **1** of **16**

Debt Collection Act (TDCA), the Texas Deceptive Trade Practices Act (DTPA), and other applicable laws.

2. At this juncture, the core issue is not about the alleged "*account*" or issues arising "out of" the account, but instead about the "*manner*" in which the alleged debt was attempted to be collected, as well as the ownership of the alleged "*debt*".

3. Plaintiff is confused about who owns the alleged "debt", therefore, Plaintiff reserves the right to amend the complaint to include the claims as they relate once properly advised who the real party in interest is.

4. Plaintiff also challenges Defendant's agent's repeated and contradictory statements that a letter sent to Plaintiff on April 8, 2024, and April 9, 2024, was sent first by a third-party debt collector, then alleged to be sent by Experian, and finally alleged that the letters were forwarded from "Credit Bureau Management" to "Discover Card," which then Discover Card mailed the letters to Plaintiff. These inconsistent explanations have created a confusing and deceptive narrative.

5. Plaintiff brings this action to seek damages, injunctive relief, and declaratory judgment, asserting claims under the FCRA, FDCPA, TDCA, and DTPA, and related contractual principles.

### III.   JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331 because the claims arise under federal statutes including the FCRA (15 U.S.C. § 1681), and the FDCPA (15 U.S.C. § 1692).

7. Supplemental jurisdiction exists for Plaintiff's state law claims under 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391 because Defendant conducts business in this District, Plaintiff resides in this District, and the events giving rise to the Complaint occurred in this District.

## IV.   PARTIES

9. Plaintiff Kimberly Johnson is a resident of Texas and a consumer as defined by the FCRA (15 U.S.C. § 1681a(c) and FDCPA (15 U.S.C. § 1692a (3).

10. Defendant Discover Financial Services, doing business as Discover Bank is a Delaware financial institution operating nationwide, including Texas. Discover Bank opens receivables accounts, and issues credit cards, including those under the Discover Card brand, and sponsors securitization transactions. Discover Bank acts as the Master Servicer and Servicer under securitization agreements, including the Pooling and Servicing Agreement ("PSA") referenced herein. Discover Bank collects the receivables owned by obligors to DISCOVER CARD MASTER TRUST I via the "account" it opened, therefore, defined as a "debt collector" under FCDPA 15 U.S.C. § 1692a(6) as: any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or "due another". The PSA proves the alleged "debt" is owed "due another", the DISCOVER CARD MASTER TRUST I, of which Discover Bank acts as a servicer of the account and U.S. Bank as the Trustee of DISCOVER CARD MASTER TRUST I, who owns the receivables, aka, alleged "debt"

11. Defendant, Vonda "Doe" is acting as an agent for Discover Financial Services *dba* Discover Bank and is being sued in her individual capacity and official capacity.

## V. FACTUAL BACKGROUND

*LETTER AND MISREPRESENTATION OF "CREDIT BUREAU MANAGEMENT"*

12. Plaintiff received a letter dated April 8, 2024, and a letter dated April 9, 2024, printed on Discover-branded letterhead stating, **EXHIBIT 1**, with the verbiage, "Thank you for your correspondence, we have conducted an investigation and below are "our" findings." The letter was signed by "Credit Bureau Management", which Plaintiff assumes "our" findings mean Credit Bureau Management since that name is in the signed by signatory section.

13. The letter alleged that a judgment may been taken regarding the receivables for the account. Further, the letters included the statement: "This is an attempt to collect a debt and any information obtained will be used for that purpose." The letter instructed Plaintiff to contact Discover at 800-347-2683 for further details, although, within the four corners of the letter, it alleged that an "investigation" was conducted and there were alleged findings, whilst claiming that there may be a judgment and an outstanding balance, while in the same claiming a balance of $6,462.49.

14. Plaintiff contacted DISCOVER as directed by Credit Bureau Management to get further clarification as the investigation and findings which were inconclusive, misleading, and caused further confusion.

15. Plaintiff called 800-347-2683 and spoke with an agent who she said was an agent of "Discover Card, by the name of Vonda "Doe" but Plaintiff does not have the agent's last name.

16. Defendant's agent, Vonda "Doe" acted as a key participant in perpetuating the confusion and misrepresentation surrounding the April 8, 2024, and April 9, 2024, letters. Beyond her involvement in the phone call, Vonda 'Doe' knowingly provided inconsistent and misleading explanations about the origins of the letter, the identity of 'Credit Bureau Management,' and the ownership of the alleged obligation Credit Bureau Management was attempting to collect as detailed in **EXHIBIT 2 – CALL TRANSCRIPT.**

17. The letter misled Plaintiff by creating the impression that "Credit Bureau Management" was a separate legal entity acting as an external debt collector or investigative agency. However, during Plaintiff's subsequent call with Defendant's agent Vonda "Doe", the representative alleged that "Credit Bureau Management" is an internal department within "Discover Card".

18. Defendant's agent, Vonda "Doe" further stated inconsistent origins of the letter, asserting:
    - *First, the letter was sent by a third-party debt collector, Credit Bureau Management.*
    - *Later, the agent, Vonda "Doe," stated the letter originated from the consumer reporting agency, Experian, and the consumer reporting agency sent the letter to Credit Bureau Management, and Credit Bureau Management forwarded the letter to Discover Card, and Discover Card mailed the letter, hence the reason the letter was on Discover's letterhead; whilst alleging that "Discover Card" had no dealings with the contents of the letter, but was simply acting as a "forwarding agent" of the letter.*
    - *These conflicting statements created substantial confusion regarding the real party in interest responsible for the correspondence.*

19. Defendant's agent, Vonda "Doe" repeated references to "Discover Card" as the sender of the letter further exacerbated the confusion, as "Discover Card" is a product, not a legal entity capable of issuing correspondence. The agent continuously used the name "Discover Card" as though it were an actual legal entity, further misrepresenting the origin and responsibility of the correspondence. This repeated misrepresentation created significant confusion for the Plaintiff and violated federal and state consumer protection laws, including the FDCPA, TDCA, and DTPA, by distorting the Plaintiff's understanding of the legal entity involved.

## CALL TRANSCRIPT HIGHLIGHTS AND UNAUTHORIZED LEGAL ADVICE

20. During a call with Discover representative Vonda "Doe" Defendant's agent made several misleading statements, including:

- *The account was charged off, sold to a third party, and subsequently bought back by Discover Card.*
- *That Credit Bureau Management was initially described as a third-party debt collector, then later stated to be a department within Discover Card, adding to the confusion and misrepresentation of its role.*
- *That multiple letters were sent, including one dated March 29, 2024, yet Plaintiff's letter bore a different date, April 9, 2024, with inconsistent content and Defendant's agent, Vonda "Doe" admitting that the letter Plaintiff was in possession of, Defendant was unable to locate it and stated "we don't have it"*
- *That "Discover Card" was responsible for sending the correspondence, a false assertion given the lack of legal entity status for Discover Card. This misrepresentation creates significant confusion and may constitute a violation of consumer protection laws under the FDCPA, TDCA and DTPA, as it distorts the consumer's understanding of the legal entity with which they are dealing and impedes their ability to address or resolve the matter accurately.*
- *The Defendant's agent displayed clear and utter confusion she changed her narrative many times as the questions were asked and works for the Defendant, which in turn confused Plaintiff and the reliability of any information received as a result of the phone call.*

21. Defendant's agent provided statements that constitute unauthorized legal advice, including:

- *"If your account was out of statute, we would have advised you of that." This statement is legally inaccurate, as the statute of limitations applies irrespective of Defendant's acknowledgment and depends solely on state law. Misleading the consumer about their rights violates Texas Finance Code § 392.304(a)(8) and FDCPA 15 U.S.C. § 1692e (10).*

- *"The account could be placed for judgment due to non-payment." This statement constitutes a threat of legal action barred by the statute of limitations in Texas (four years). Such a threat is unlawful under Texas Finance Code § 392.301(a)(8) and FDCPA 15 U.S.C. § 1692e (5).*

- *"Have you received a letter stating the account is out of statute?" This implies that a consumer cannot assert their rights under the statute of limitations without written acknowledgment from Discover, which is false. Misrepresentation of legal rights violates Texas Finance Code § 392.304(a)(8) and FDCPA 15 U.S.C. § 1692e (10).*

22. Defendant's agent placed Plaintiff on hold multiple times and failed to provide clear answers, causing further confusion. Throughout the call, the agent exhibited abusive and unprofessional behavior, including frequent interruptions, accusatory remarks, and dismissive comments such as, "We've been on the call for 36 minutes and we've literally gotten nowhere.", which Plaintiff agreed, as the call was even more confusing than the letter and the agent hadn't a clue what Credit Bureau was.

23. These actions created an intimidating and hostile environment for Plaintiff, compounding the distress caused by the unresolved issues and misleading correspondence. Such behavior constitutes a violation of the Texas Deceptive Trade Practices Act, which prohibits abusive practices that interfere with a consumer's ability to understand and address financial matters.

24. The April 8, 2024, and April 9, 2024, letters were not an isolated incident but part of a broader scheme by Defendant to defraud consumers by using fictitious entities, such as 'Credit Bureau Management,' to create confusion about the ownership and validity of alleged obligations. Defendant's use of the U.S. mail system to send these letters, coupled with the false and misleading statements made by its agent, Vonda 'Doe,' demonstrates a calculated effort to mislead Plaintiff and other consumers into making payments on accounts that may not be legally enforceable. This scheme constitutes a violation of 18 U.S.C. § 1341, as Defendant knowingly and intentionally used the mail system to further its fraudulent practices."

25. These actions were not isolated but part of a broader pattern of deceptive practices designed to obscure the real party in interest and impede Plaintiff's ability to address the alleged obligation properly. Vonda 'Doe' further failed to provide accurate validation of the debt, as

required under 15 U.S.C. § 1692g, and engaged in conduct that violated Texas Finance Code § 392.304(a) by misrepresenting the character and legal status of the debt."

## RELEVANT PROVISIONS FROM DISCOVER FINANCIAL SERVICES AGREEMENTS

26. The Pooling and Servicing Agreement (PSA), dated December 22, 2015, https://www.sec.gov/Archives/edgar/data/894329/000119312515412724/d102201dex41.htm outlines the roles of Discover Bank as Master Servicer and Servicer, indicating that Discover Bank is responsible for the collection and servicing of accounts securitized under the Discover Card Master Trust I. This underscores Discover Financial Services, *dba* Discover Bank obligation to disclose accurate information regarding account servicing and ownership.

27. Discover's 10-K filings https://www.sec.gov/Archives/edgar/data/1407200/000119312524072773/d756808d10k.htm emphasize its obligation to comply with applicable laws, including those governing debt collection, consumer reporting, and securitization practices.

28. The PSA specifies that receivables are sold from Discover Bank to Discover Funding LLC and subsequently to the Discover Card Master Trust I. This layered structure complicates the identification of the real party in interest responsible for the account's receivables, which directly impacts Plaintiff's ability to address the alleged obligations.

29. Under the PSA, Discover Bank retains its role as the Master Servicer, which obligates it to provide accurate and transparent information about receivables status and ownership to consumers and other parties. The lack of transparency in this case demonstrates a breach of these obligations.

30. The 10-K filings acknowledge Discover Bank's role in securitization activities and detail the transfer of receivables to various trusts, including the Discover Card Master Trust I. These transfers further obscure the direct ownership of the receivables and create confusion regarding the party responsible.

31. Discover's Prospectus filings https://www.sec.gov/Archives/edgar/data/894329/000119312522212593/d385851d424b5.htm highlights its securitization process involves transferring rights to receive payments on credit card receivables to third-party trusts. These disclosures reinforce the need for Discover Financial Services *dba* Discover Bank, to clearly identify the party legally authorized to collect on the receivables.

32. The agreements also specify that Discover Bank must comply with all federal and state laws in its role as Master Servicer, including the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), Texas Debt Collection Act (TDCA), and Texas Deceptive Trade Practices Act (DTPA). Defendants' actions in this case indicate a failure to meet these legal and contractual obligations.

## DISCOVER'S COMPLIANCE FAILURES

33. Discover Bank has a history of compliance issues, including a 2023 Consent Order issued by the FDIC addressing shortcomings in its compliance management system for consumer

protection laws. The FDIC required Discover to improve its compliance management system and enhance corporate governance. These systemic issues underscore the likelihood of noncompliance in the handling of Plaintiff's account and correspondence.

34. The 2023 FDIC Consent Order https://d18rn0p25nwr6d.cloudfront.net/CIK-0001393612/23e3847e-f64e-4def-bc41-263d0882d576.pdf is referenced in Discover Bank's regulatory disclosures and addresses specific shortcomings in its compliance management system for consumer protection laws.

### CITATION FOR THE 2023 FDIC CONSENT ORDER

35. The 2023 FDIC Consent Order was issued on September 25, 2023, following the consent of Discover Bank's Board of Directors. It is mentioned in Discover's regulatory filings, including its 10-K disclosures, addressing deficiencies in Discover Bank's compliance management system for consumer protection laws and related governance practices.

### SHORTCOMINGS IN DISCOVER'S COMPLIANCE MANAGEMENT SYSTEM

36. The 2023 FDIC Consent Order identified the following key deficiencies in Discover Bank's compliance management system:

37. **Inadequate Consumer Compliance Management System (CMS):** Discover Bank was required to improve its CMS to ensure compliance with consumer protection laws. This includes addressing systemic issues in how compliance risks are identified, managed, and mitigated.

38. **Corporate Governance and Risk Management Failures:** The order requires Discover to enhance its corporate governance and enterprise risk management practices. This includes increasing the level of oversight by the Board of Directors over compliance-related matters.

39. **Independent Reviews and Action Plans:** Discover was required to retain third-party consultants to conduct independent reviews and submit action plans to the FDIC for approval. These plans were aimed at addressing the identified deficiencies and ensuring long-term compliance.

40. **Long-Term Implementation Needs:** Many of the provisions in the Consent Order require extended timelines for implementation, with Discover acknowledging that full compliance may not be achieved until at least 2025.

## RELEVANCE TO THE HANDLING OF PLAINTIFF'S RECEIVABLES

41. The shortcomings identified in the 2023 FDIC Consent Order are directly relevant to the handling of the Plaintiff's account in the following ways:

42. **Failure to Ensure Accurate and Transparent Communications:** The Plaintiff's case involves misleading and inconsistent statements about the origin of a debt collection letter, the identity of "Credit Bureau Management," and the real party in interest. These issues reflect a lack of effective compliance controls to ensure accurate and transparent communication with consumers, which is a core deficiency highlighted in the Consent Order.

43. **Inadequate Oversight of Consumer Protection Practices:** The Consent Order's requirement for enhanced Board oversight underscores systemic governance failures. These failures likely contributed to the mismanagement of the Plaintiff's account, including the use of deceptive practices and unauthorized legal advice by Discover's agents.

44. **Enterprise Risk Management Deficiencies:** The Plaintiff's confusion and distress stem from Discover's inability to provide clear and consistent information about the debt. This aligns with the broader risk management failures identified in the Consent Order, which require Discover to address compliance risks more effectively.

45. **Systemic Issues in Compliance Implementation**: The Consent Order's acknowledgment of long-term implementation needs suggests that Discover's compliance deficiencies are systemic and ongoing.

## VI. CONCLUSION

46. The 2023 FDIC Consent Order highlights systemic compliance failures at Discover Bank, which are directly relevant to Plaintiff's claims of deceptive and misleading practices. These deficiencies likely contributed to the mishandling of the Plaintiff's account, including the use of a fictitious entity, inconsistent explanations, and unauthorized legal advice. The Consent Order serves as evidence of Discover's broader compliance issues.

47. "As a direct result of Defendant's deceptive practices, Plaintiff experienced significant emotional distress, including anxiety, confusion, and frustration. This distress was further exacerbated by the hostile and unprofessional conduct of Defendant's agent, Vonda "Doe"

during the phone call. Plaintiff's emotional distress manifested physically, resulting in elevated blood pressure that required medical intervention. These damages are compensable under the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) and the Texas Debt Collection Act (Texas Finance Code § 392.403), which provide for recovery of actual damages, including emotional distress."

## VII. CAUSES OF ACTIONS

### COUNT I: VIOLATION OF FEDERAL MAIL FRAUD STATUTE (18 U.S.C. § 1341)

48. Plaintiff re-alleges and incorporates all prior paragraphs.

49. Defendant utilized the U.S. mail system to send a letter, dated April 9, 2024, that was falsely signed by "Credit Bureau Management," an entity that does not exist, in an effort to collect on alleged receivables. The use of a fictitious entity misled Plaintiff and created confusion regarding the real party in interest.

50. Defendant's conduct constitutes a scheme to defraud Plaintiff by providing misleading and false information about the source, ownership, and validity of the alleged receivables, with the intent to obtain money or property from Plaintiff under false pretenses.

51. The mailing of the letter was done knowingly and intentionally to further the scheme, which is a violation of 18 U.S.C. § 1341.

52. As a direct result of Defendant's actions, Plaintiff has suffered damages, including emotional distress, confusion, and the inability to address the alleged obligation properly.

**Supporting Case Law:**
- *Schmuck v. United States*, 489 U.S. 705 (1989): Mail fraud applies when the mail system is used to execute or further a fraudulent scheme.
- *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008): Mail fraud does not require reliance by the victim but focuses on the intent to defraud.

## COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)

53. Plaintiff re-alleges and incorporates all prior paragraphs.

54. Defendant violated 15 U.S.C. § 1681s-2(b) by:

- Failing to conduct a reasonable investigation after being notified of Plaintiff's dispute, as referenced in EXHIBIT 1.
- Providing inaccurate information to credit reporting agencies, including information about the ownership of the alleged receivables.
- Failing to correct or clarify the inaccurate and misleading information.

**Supporting Case Law:**

- *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007): Willful violations of the FCRA include reckless disregard for statutory obligations.

## COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

55. Plaintiff re-alleges and incorporates all prior paragraphs.

56. Defendant qualifies as a "debt collector" under 15 U.S.C. § 1692a (6) for its attempts to collect on a charged-off debt.

57. Defendant violated 15 U.S.C. § 1692e by:

- Misrepresenting "Credit Bureau Management" as an external entity.
- Falsely claiming "Discover Card" sent the letter.
- Providing unauthorized legal advice, including misleading statements about the statute of limitations.
- Threatening legal action that was time-barred under Texas law.

58. Defendant violated 15 U.S.C. § 1692f by:

- Employing unfair and unconscionable means to collect or attempt to collect the alleged receivables.
- Failing to provide clear and accurate validation of the debt as required under 15 U.S.C. § 1692g.

**Supporting Case Law:**

- *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010): The FDCPA prohibits false, deceptive, or misleading representations in debt collection.

## COUNT IV: VIOLATION OF THE TEXAS DEBT COLLECTION ACT (TDCA)

59. Plaintiff re-alleges and incorporates all prior paragraphs.

60. Defendant violated Texas Finance Code § 392.304(a) by:

- Using deceptive representations in the collection of a debt.
- Misrepresenting the character and legal status of "Credit Bureau Management."
- Providing unauthorized legal advice and misleading Plaintiff about her rights under the statute of limitations.

61. Defendant violated Texas Finance Code § 392.301(a)(8) by threatening legal action barred by the statute of limitations.

## COUNT V: VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA)

62. Plaintiff re-alleges and incorporates all prior paragraphs.

63. Defendant violated the DTPA, Texas Business & Commerce Code § 17.46(b), by:

- Engaging in false, misleading, and deceptive acts or practices in the course of trade and commerce.
- Misrepresenting the nature of "Credit Bureau Management" and its authority to collect debts.
- Creating confusion about the real party in interest responsible for the receivables.

64. These deceptive acts were committed knowingly or intentionally, entitling Plaintiff to additional damages under § 17.50(b)(1).

## COUNT VI: VIOLATION OF FEDERAL DEBT COLLECTION PRACTICE ACT (FDCPA)

65. Plaintiff re-alleges and incorporates all prior paragraphs.

66. Defendant violated FDCPA 15 U.S.C. § 1692e, by:

- The use of "Credit Bureau Management" as a signatory on Discover Bank letterhead constitutes a false, deceptive, or misleading representation in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e. Specifically:

- The letter creates the false impression that a separate credit bureau is involved in the collection process, when no such involvement exists.
- The letter misleads the least sophisticated consumer into believing that the debt collection has been escalated to a third-party entity, thereby creating confusion about the source and authority of the communication.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kimberly Johnson respectfully requests the following relief:

1. Statutory, compensatory, and punitive damages under the FCRA, FDCPA, TDCA, DTPA in the amount of $500,000
2. Declaratory judgment that Defendant violated federal and state laws.
3. An injunction prohibiting Defendant from continuing deceptive practices.
4. Pre- and post-judgment interest.
5. Any other relief the Court deems just and proper.

Respectfully submitted,
Kimberly Johnson
1079 W Round Grove Rd #300-148
Lewisville, Texas 75067
kimberlycivilfilings@gmail.com
469-847-6253

STATE OF TEXAS

COUNTY OF COLLIN

I, Kimberly Johnson, certify under the penalty of perjury that the statements made herein are true, correct, and to the best of my knowledge.

_____
Kimberly Johnson

_____
Notary Public

[Notary Seal: STACY M CARLSON, NOTARY PUBLIC, STATE OF TEXAS, ID # 133929061, EXPIRES 08-11-2026]

# CIVIL COVER SHEET

JS 44 (Rev. 04/21) (TXND 4/21)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KIMBERLY JOHNSON

**DEFENDANTS**
DISCOVER FINANCIAL SERVICES, et al.

**(b)** County of Residence of First Listed Plaintiff: **DALLAS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE

Attorneys *(If Known)*

RECEIVED
JAN 30 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3-25CV0241-E

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [x] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability |  |  | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
|  |  | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** |  |  |
| [ ] 290 All Other Real Property |  | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 448 Education / [ ] 550 Civil Rights |  |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C 1681

Brief description of cause:
DECEPTIVE PRACTICES IN ATTEMPTING TO COLLECT A DEBT

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $500,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: JANUARY 30, 2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ Kimberly Johnson, Pro Se

**FOR OFFICE USE ONLY**